Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CARMELO ARAGON,

     *Plaintiff*,

 -against-

FAROOQ A. SHAH, SYED A. RAHMAN,
SULMAN SHAH, DISCOUNT VALLEY INC
and DVS TRADING INC.

     *Defendants.*
-------------------------------------------------------X

**COMPLAINT**
**JURY TRIAL DEMANDED**
Case No.: 22-cv-7536

  CARMELO ARAGON ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., and as against FAROOQ A. SHAH, SYED A. RAHMAN, SULMAN SHAH, DISCOUNT VALLEY INC and DVS TRADING INC. ("Defendants"), alleges as follows:

## NATURE OF THE ACTION

  1. Plaintiff is a former employee of Defendants' discount store called Valley Discount Store are owned and operated by the Defendants DVS TRADING INC, DISCOUNT VALLEY INC, FAROOQ A. SHAH, SULMAN SHAH and SYED A. RAHMAN.

  2. Plaintiff was employed by Defendants as a clerk and stockperson.

  3. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours he worked each week.

  4. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of

the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and minimum and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

7. Plaintiff CARMELO ARAGON ("Plaintiff ARAGON") is an adult individual residing in Nassau County, New York. Plaintiff ARAGON was employed by Defendants from June 2020 until approximately August 2022.

8. DVS TRADING INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 525 W Merrick Rd Valley Stream, NY 11580.

9. DISCOUNT VALLEY INC. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 525 W Merrick Rd Valley Stream, NY 11580 and 253-06 Hillside Ave Bellerose, NY 11426.

10. Defendant FAROOQ A. SHAH is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

11. Defendant FAROOQ A. SHAH is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

12. Defendant FAROOQ A. SHAH possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

13. Defendant FAROOQ A. SHAH is the CEO and president of DVS TRADING INC.

14. Defendant FAROOQ A. SHAH had the power to hire and fire employees at VALLEY DISCOUNT STORE including Plaintiff.

15. Defendant FAROOQ A. SHAH had the final word on all business decisions at DOLLAR DISCOUNT STORE. including which contracts to enter on behalf of the business.

16. Defendant FAROOQ A. SHAH reviewed and controlled the financial records at DOLLAR DISCOUNT STORE including payroll records and documents recording Plaintiff's wages and hours worked.

17. Defendant FAROOQ A. SHAH authorized Plaintiff's pay rate.

18. Defendant FAROOQ A. SHAH supervised and hired the staff at DOLLAR DISCOUNT STORE on a regular basis.

19. Defendant FAROOQ A. SHAH had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of at DOLLAR DISCOUNT STORE and in fact did so.

20. Defendant FAROOQ A. SHAH actively hired and fired employees.

21. Defendant FAROOQ A. SHAH determined the rates of pay of employees and dictated other terms of their employment.

22. Defendant FAROOQ A. SHAH issued payment to Plaintiff on a regular basis.

23. Defendant FAROOQ A. SHAH authorized Plaintiff's pay raises.

24. Defendant SYED A. RAHMAN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant SYED A. RAHMAN is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

25. Defendant SYED A. RAHMAN possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

26. Defendant SYED A. RAHMAN had the power to hire and fire employees at, including Plaintiff.

27. Defendant SYED A. RAHMAN was the general manager at DISCOUNT VALLEY STORE.

28. Defendant SYED A. RAHMAN had the power to hire and fire employees, supervised the hiring and firing of employees and dictated other terms of their employment.

29. Defendant SYED A. RAHMAN issued payment to Plaintiff on a regular basis.

30. Defendant SYED A. RAHMAN supervised Plaintiff on a daily basis at work.

31. Defendant SYED A. RAHMAN gave Plaintiff his schedule.

32. Defendant SYED A. RAHMAN had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of VALLEY DISCOUNT STORE.

33. Defendant SYED A. RAHMAN actively hired and fired of employees.

34. Defendant SULMAN SHAH is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant SULMAN SHAH is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

35. Defendant SULMAN SHAH possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

36. Defendant SULMAN SHAH had the power to hire and fire employees at, including Plaintiff. Defendant SULMAN SHAH directly hired Plaintiff.

37. Defendant SULMAN SHAH had the power to change schedules for employees including Plaintiff.

## FACTUAL ALLEGATIONS

38. Defendants are associated and joint employers, act in the interest of each other.

39. Defendants share common operations and acted jointly in the operation of each dollar store wherein Plaintiff worked.

40. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

41. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

42. In the alternative, Defendants constitute a single employer of Plaintiff.

43. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

44. In each year from 2020 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

45. Defendants were each experienced business owners and had full knowledge of the pay and notice requirements under federal and state law.

46. Defendants failed to honor the requirements of federal and state law willfully and maliciously as to the manner in which they paid Plaintiff.

47. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items were sold daily at Discount Valley, such as cleaning items, linens, toiletries, snacks, kitchen tools and all other merchandise as well as cleaning supplies and packing supplies used by staff.

48. Defendants employed more than 11 employees at all relevant times.

49. Plaintiff was individually engaged in interstate commerce.

*Plaintiff* ARAGON

50. Plaintiff ARAGON was employed by Defendants at Discount Valley from June 2020 until August 2022.

51. Between June 2020 to August 2022, Plaintiff ARAGON worked in the store located in 525 W Merrick Rd Valley Stream NY 11580.

52. Throughout his employment with defendants, Plaintiff ARAGON was employed as a clerk, stockperson and laborer.

53. Plaintiff ARAGON work duties required neither discretion nor independent judgment.

54. Plaintiff ARAGON was closely supervised and directed by Defendants in the scope of his tasks.

55. From approximately June 2020 through September 2020, Plaintiff ARAGON typically worked six (6) days per week – with shift on Monday through Friday lasting from 10:00 A.M. to 8:00 P.M. and the Sunday shift lasting from 10:00 A.M. to 7:00 P.M., approximately fifty nine (59) hours per week.

56. From October 2020 through December 2020, Plaintiff ARAGON typically worked six (6) days per week – with shift on Monday through Friday lasting from 10:00 A.M. to 10:00 P.M. and the Sunday shift lasting from 10:00 A.M. to 9:00 P.M., approximately seventy-one (71) hours per week.

57. From approximately January 2021 to September 2021, Plaintiff ARAGON worked six (6) days per week – with shift on Monday through Friday lasting from 10:00 A.M. to 8:00 P.M. and the Sunday shift lasting from 10:00 A.M. to 7:00 P.M., approximately fifty nine (59) hours per week.

58. From October 2021 through December 2021, Plaintiff ARAGON typically worked six (6) days per week – with shift on Monday through Friday lasting from 10:00 A.M. to 10:00 P.M. and the Sunday shift lasting from 10:00 A.M. to 9:00 P.M., approximately seventy-one (71) hours per week.

59. From January 2022 through April 2022, six (6) days per week – with shifts on Monday through Friday lasting from 10:00 A.M. to 8:00 P.M. and the Sunday shift lasting from 10:00 A.M. to 7:00 P.M., approximately fifty nine (59) hours per a six day week.

60. From April 2022 until August 2022, Plaintiff ARAGON typically worked five (5) days per week – with shifts on Monday through Friday lasting from 10:00 A.M. to 8:00 P.M. and

the Sunday shift lasting from 10:00 A.M. to 7:00 P.M., approximately fifty (50) hours per a five day week

61. Plaintiff ARAGON regularly worked in excess of 40 hours per week.

62. Between June 2020 and August 2020, the Defendants paid the Plaintiff a fixed weekly salary of $500.00 without a premium for his overtime hours

63. Between September 2020 and December 2020, Defendants paid Plaintiff a fixed weekly salary of $540.00 without a premium for his overtime hours.

64. Between January 2021 and March 2021, Defendants paid Plaintiff a fixed weekly salary of $580.00 without a premium for his overtime hours.

65. Between April 2021 and December 2021, Defendants paid Plaintiff a fixed weekly salary of $600.00 without a premium for his overtime hours.

66. Between January 2022 until March 2022, Defendants paid Plaintiff a fixed weekly salary of $630.00 without a premium for his overtime hours..

67. Between April 2022 until the end of this employ in August 2022, Defendants paid the Plaintiff a fixed weekly salary of $525.00 without a premium for his overtime hours..

68. Defendants never provided Plaintiff ARAGON with each payment of wages a proper statement of wages, as required by NYLL 195(3).

69. Defendants never provided Plaintiff ARAGON, a proper notice in English and in Spanish (Plaintiff ARAGON primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

70. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiff ARAGON'S employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff ARAGON, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

72. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

75. Defendants' failure to pay Plaintiff ARAGON at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

76. Plaintiff ARAGON was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

77. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

78. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

79. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

81. Plaintiff ARAGON repeats and realleges all paragraphs above as though fully set forth herein.

82. At all times relevant to this action, Defendants were Plaintiff ARAGON'S employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

83. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff ARAGON less than the minimum wage.

84. Defendants' failure to pay Plaintiff ARAGON the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

85. Plaintiff ARAGON was damaged in an amount to be determined at trial

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

86. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

88. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

90. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

91. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

92. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

93. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

94. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the

11

regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

95. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS, LATE PAYMENTS, TOOLS OF THE TRADE and KICKBACKS

1. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

2. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 196, 195 and 198 and the applicable regulations thereunder.

3. NYLL § 193(1) prohibits employers from making any deductions from an employee's wages except for those permitted by law or those made for the benefit of the employee which are expressly authorized in writing by the employee. N.Y. Lab. Law §193(1).

4. NYLL § 193(2) prohibits employers from making any charge against an employee's wages or requiring an employee to make any payment by separate transaction, unless such payment is a permitted deduction pursuant to § 193(1). NYLL § 193(2).

5. NYLL § 198-b prohibits Defendants from receiving "kickbacks" from Plaintiffs and other similarly-situated employees. NYLL § 198-b.

6. Title 12 of the Rules and Regulations of New York provides that the minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by his employer.

7. Defendants deducted various unlawful charges from Plaintiffs pay including but

not limited to cost of lost tools, damaged merchandise, and the cost of tickets.

8. Moreover, these charges reduced Plaintiffs' wages below the minimum wage.

9. Said violations were not in good faith within the meaning of New York Labor Law §§ 198.1-a and 663.

10. Plaintiff have been damaged in an amount as yet undetermined plus liquidated damages.

## EIGHTH CAUSE OF ACTION

### UNPAID AND LATE WAGES UNDER NYLL ARTICLE 6 AND ARTICLE 19

11. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

12. Plaintiff is a manual worker as understood by the NYLL.

13. Defendants at times paid Plaintiff later than seven (7) days.

14. Defendants violated the NYLL by failing to timely pay Plaintiff for his work under NYLL Section 19 *et seq*.

15. Defendants' failure to pay Plaintiffs was willful malicious and/or not in good faith.

16. Plaintiffs was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

17. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

18. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor.

19. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

20. Plaintiff was damaged in an amount to be determined at trial

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime provisions of and associated rules and regulations under the FLSA and NYLL as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of and associated rules and regulations under the FLSA and NYLL with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage and minimum wage provisions of and rules and orders promulgated under the NYLL as to Plaintiff;

14

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the New York Labor Law were willful and not in good faith as to Plaintiff;

(i) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(j) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k) Awarding Plaintiff liquidated damages for any and all late payment and/or unlawful deductions from his wages;

(l) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime and minimum wage compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(m) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(p) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
December 12th, 2022

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*